George P. KORTEWEG, Plaintiff,

v.

CORPS OF ENGINEERS OF the UNITED STATES ARMY, John O. Marsh, Secretary of the Army; Joseph K. Bratton, Chief of Engineers, Corps of Engineers of the United States Army; Arthur Rappaport, Deputy Division Engineer, Corps of Engineers of the United States Army.

Civ. No. N–82–534 (PCD).

United States District Court,
D. Connecticut.

Dec. 19, 1986.

Jane Freeman, New London, Conn., for plaintiff.

Thomas Riley, Asst. U.S. Atty., New Haven, Conn., for defendants.

### ENDORSEMENT RULING ON PLAINTIFF'S MOTION FOR REVIEW

DORSEY, District Judge.

Plaintiff seeks to develop land adjacent to the Mystic River. In order to enhance the six residential units he proposes, fill would be added in an area within the jurisdiction of the Department of the Army Corps of Engineers ("Corps"). Such fill is precluded absent a permit from the Corps. The denial of such permit is challenged in this action. The matter was referred to Magistrate F. Owen Eagan, who made findings and recommended rulings on cross motions for summary judgment. Plaintiff seeks review of the recommendations that his motion be denied and that defendants' motion be granted. 28 U.S.C. Section 636. For the reasons set forth herein, the Magistrate's findings and recommended rulings are accepted and adopted and accordingly judgment shall enter for defendants.

The record has been completely reviewed. Plaintiff's grounds for seeking rejection of the Magistrate's findings and recommended ruling will be discussed seriatim:

(1) *Finding that the Stonington Planning and Zoning Commission denied plaintiff's variance application.*

The record does contain a reference which substantiates the finding, Ex. 28, but it is a Zoning Board of Appeal which, under Connecticut law, is vested with authority over variance requests. Conn.Gen.Stat. Section 8–6. Though this record may then be incorrect, the plaintiff has made no showing of an effort on his part to correct it, the finding is not controlling and even if corrected would not require a different ruling on the motions for summary judgment. The finding, in this respect is rejected.

(2) *Finding the site to have a high habitat value and that fill would cause loss of aquatic habitat.*

Contrary to plaintiff's claim, the Magistrate's thorough analysis of the point is substantiated. Further, the limited quotation out of the record, and out of context according to defendants, and the existence of evidence offered by plaintiff to the contrary does not dictate the rejection of the finding. Reviewing the record on this point de novo, 28 U.S.C. Section 636(b)(1), and for the reasons set forth by the Magistrate which need not be repeated and which are found to be logical and soundly based in the record, the finding is accepted.

(3) *Finding alternative upland sites were available.*

■ To obtain a permit from the Corps, 33 C.F.R. Section 320.4(b)(4) the applicant must show facts on the unavailability of alternative sites, which would have less adverse impact on the aquatic ecosystem. 40 C.F.R. Section 230.10(a). Thus, the issue is not, as plaintiff claims, whether the Corps is able to prove the existence of available sites but rather is whether the plaintiff, as the applicant, has provided evidence to prove the unavailability of alternative sites which would be subject to less impact than would be the proposed development. The regulations create a presumption, where the basic purpose of the project is not water dependant, that practical alternatives, not involving special aquatic sites, exist. 40 C.F.R. Section 230.10(a)(3). Neither is it significant that a source of the finding of alternative sites was a letter from the town planner as plaintiff should have known of the law's requirement of proof from him on the issue and in any event he had ample notice of the issue. If he needed time to respond he should have asked for it. Absent a showing that he asked, it is reasonable to assume that he chose not to treat the matter further. Lest one suppose that a great complexity is involved, it should be kept in mind that plaintiff was proposing a very simple land use, six residential units. By their nature, there is nothing unique about them. As tastes in home ownership are generally favorably disposed to water sites and views, the units will no doubt command prices beyond the means of the impoverished and little social redemption is gained by building housing for the affluent. Otherwise a residence is a fungible commodity for which there is no compelling need at this

particular site. Absent proof to the contrary, of which plaintiff makes no claim, the record substantiates the finding made by the Magistrate. More compelling would be the perhaps more correct finding of an absence of alternative sites. The Magistrate's procedure in making the finding was not incorrect nor was the Corps' procedure unlawful. Contrary to plaintiff's claim, the record need not show the availability of sites reasonably obtainable and usable as plaintiff desired. Plaintiff mistakes the cast of the procedure. He has no fixed right to locate a residential project, nor the right to put it on his choice of aquatic sites. The question is whether the site involved may be despoiled from an aquatic environmental view if the same project can be reasonably located elsewhere with substantially less adverse environmental impact. The finding that alternative sites were available is well founded as the Magistrate analyzed and such finding is accepted.

### (4) *Finding that the Plaintiff's Site was a special aquatic site.*

■ This finding cannot be upset by a claim that plaintiff was never notified of the sites being considered as a special aquatic site. The law specifically refers to such as a factor, 40 C.F.R. Section 230.41, and if plaintiff did not know of these provisions, he should have. The record clearly reflects that plaintiff was or should have been aware of the consideration of the site as a special aquatic site. If he did not, there is nothing in the record to suggest his surprise nor a request for an opportunity to meet the claim if he was surprised. The careful and thorough analysis by the Magistrate fully sustains, as does the record, his finding that wetland and/or a vegetated shallow was involved. Plaintiff's suggestion of any impact as minor does not warrant a determination that the Magistrate's finding is without any substantiation. Plaintiff clearly wishes to be sustained on a disputed fact. As supported in the record, the Magistrate's finding in this respect is accepted.

### (5) *Finding the project not to be water dependant.*

■ The project is not made unique for environmental purposes by including a slip for each unit. In certain quarters, the ability to tie one's boat at an adjacent dock would make the units more valuable and thus more marketable. However, the docks are neither essential to the units nor are they integral to their residential use. Indeed in the prevailing climate the docks are likely to go unused for upwards of six months out of a year. The record shows nothing to the contrary. The slips do not meet a need of residents. At best, they provide an incidental accomodation to the potential wishes of a portion of the real estate market. The finding that the units are non-water dependant and the severability of the docks is soundly based in the record and is accepted.

### (6) *Finding that the Corps did not have to prove the existence of protected alternatives or that an upland parcel could cause less impact on the aquatic ecosystem.*

Plaintiff has repeated objections 4 and 5 which will not be discussed anew. Neither is plaintiff advantaged by suggesting here again, a legal impropriety as to the burden of proof as to alternative sites.

### (7) *Conclusion that plaintiff was not denied due process.*

■ The basis for opposition to plaintiff's application lies in the legal requirements for a permit, knowledge of which is charged to plaintiff, and the factual opportion in the form of numerous comments, copies of which were supplied to plaintiff. Ex. 32. Due process is first a matter of notice. As discussed above, that was provided. Secondly, it is the opportunity to be heard. Plaintiff had that. The record reflects that this matter was pending for a long time before the Corps rendered a decision. Ample time existed for plaintiff to meet the burdens of sustaining his application. It was not the government's obligation to notify plaintiff of what he was

obliged to prove. If his case was deficient, including a failure to meet unexpected proof, he could readily have requested an opportunity to make a further submission or could have offered the court a showing that he was denied such an opportunity. The letter of Mr. Birmingham tended to prove a matter as to which plaintiff had the burden and with respect to which he faced an adverse presumption. Considering that letter did not constitute a denial of due process.

(8) *Finding that the Corps properly balanced the impact on the aquatic ecosystem against benefits to the public.*

■ Plaintiff here takes issue with the finding as it was based on consideration of not only a range of possible adverse impacts but of their potential cumulative effect. He cites no authority for such being improper. Indeed, it is illogical to ignore cumulative impact which would be contrary to the remedial process of 33 U.S.C. Section 1344, and limit the Corps to the effect of each factor separately. Plaintiff's citation of positive aspects of the project while relevant, 33 C.F.R. Section 320.4(a)(1), is not controlling. The question before the court is whether the record reasonably sustains the Corps' decision. To find the contrary evidence to be meritorious and outweigh that relied on by the Corps would be to redecide the application. That is not within the province of the court which can but decide whether the Corps' decision is in accordance with the law, 5 U.S.C. Section 706(2)(A) and is based on relevant factors and supporting evidence. *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971). The finding is supported in the record and is therefore accepted.

(9) *Conclusion that jurisdiction for plaintiff's taking claim lies solely with the Court of Claims.*

Plaintiff included a claim that the Corps' denial of a fill permit constituted an unlawful taking. Relying on *U.S. v. Riverside Bayview Homes, Inc., et al.,* — U.S. —,

106 S.Ct. 455, 88 L.Ed.2d 419 (1985), the Magistrate found that such claim was within the jurisdiction of the Court of Claims, not the District Court. Plaintiff relies on the restriction of his claim to declaratory relief and a finding of an unconstitutional taking. A regulatory scheme which might permit the claimed use does not constitute a regulatory taking. *See Hodel v. Virginia Surface Mining and Reclamation Assn.,* 452 U.S. 264, 293–297, 101 S.Ct. 2352, 2369–2371, 69 L.Ed.2d 1 (1981). Plaintiff is asserting a constitutional claim. Though plaintiff disavows a claim for damages based on an unconstitutional taking, he cannot characterize his claim by limiting the relief he seeks now. His prayers for relief include invalidation of the permit denial and, on a finding of an unconstitutional taking, an order that the permit be granted. This is clearly the "equitable relief [which] is not available to enjoin an alleged taking ... when a suit for compensation can be brought against the sovereign subsequent to a taking." *Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 1016, 104 S.Ct. 2862, 2880, 81 L.Ed.2d 815 (1984) (footnote omitted). *See Williamson County Regional Planning Commission v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). If plaintiff is accepted at his word, then his claim for declaratory relief is unavailing per *Ruckelshaus* and if indeed his only claim is under the Tucker Act, 28 U.S.C. Section 1491, then equally the court is without jurisdiction as the Magistrate determined. *See Riverside,* 106 S.Ct. at 460 n. 6. Accordingly, his ruling is deemed correct as a matter of law and is accepted.

As all of the plaintiff's objections except the first are not sustained and as, after a de novo review of the record, the remainder of the Magistrate's findings and conclusions have been accepted, the Magistrate's recommended rulings, that plaintiff's motion for summary judgment be denied and that defendants' motion for summary judgment be granted, are accepted and judgment shall enter for defendants.